IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BURNER BUDDY, LLC, a Florida limited liability company, and THE SALL COMPANY, LLC, a Florida limited liability company, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| STOVE INNOVATIONS, LLC, d/b/a STOVE SHIELD, | ) ) ) |
| Defendant. | ) ) |

C.A. No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Burner Buddy, LLC ("Plaintiff Burner"), and Plaintiff The Sall Company, LLC, ("Plaintiff Sall") (collectively, "Plaintiffs") file this Complaint for patent infringement and copyright infringement against Defendant Stove Innovations, LLC, d/b/a Stove Shield, Inc. ("Defendant" or "Stove Shield") and alleges as follows:

### Nature of the Action

1.      This is an action for patent infringement under the United States Patent Laws, 35 U.S.C. § 271 and 289 and under 28 U.S.C. §§ 1331 and 1338(a) for copyright infringement claims.

2.      This action arises from Defendant's import, manufacture, sale, use, and offer for sale in the United States products – including the Ceramic Stove Shield that infringe the valid claims of Plaintiff's design patent.

**The Parties**

3.      Plaintiff Burner is a Florida limited liability company with its principal place of business located at 5806 N. 53rd Street, Suite B, Unit C7, Tampa, Florida 33610.

4.      Plaintiff Sall is limited liability company with its principal place of business located at 5806 N. 53rd Street, Suite B, Unit C7, Tampa, Florida 33610.

5.      Defendant is also a Florida limited liability company organized under the laws of the state of Florida, doing business under the name "Stove Shield."

6.      Defendant's principal place of business is located at 9700 Phillips Highway, Suite 105, Jacksonville, Florida 32256.

**Jurisdiction and Venue**

7.      This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 271 and 289. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1338(a) for copyright infringement claims.

8.      This Court has personal jurisdiction over Plaintiff and Defendant because each party was formed in this District.

9.      This Court has personal jurisdiction over Defendant because Stove Shield maintains a website that describes and markets the products infringing products including in this District. *See* https://stoveshield.com/.

10.      Additionally, this Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has availed itself of the rights and

benefits of the laws of Florida, has derived substantial revenue from the sales of its products in Florida, has systemic and continuous business contacts with Florida, has a principal place of business in this District, and has committed at least some of the infringing acts alleged herein in Florida.

11.    Venue is proper 28 U.S.C. §§ 1391 and 1400(b) at least because Defendant has committed acts of infringement by marketing at least one infringing product in this District.

## The Asserted Patent

12.    On or about December 17, 2023, Plaintiff Sall registered with the United States Copyright Office 47 photographs of Plaintiff Burner's Glass Cooktop Protector and associated images. Plaintiff Sall's copyrighted photographs are protected under No. VA0002421916.

13.    On September 18, 2024, Plaintiff Burner filed with the United States Patent and Trademark Office ("the USPTO") an application for a United States Design Patent.

14.    On March 11, 2025, the USPTO issued to Plaintiff Burner Patent No. US D1,065,930 S ("'930 Patent"). The inventor is Aaron Sall of Tampa, Florida. A true and correct copy of the '930 Patent is attached hereto as **Exhibit** "**A**."

15.    The '930 Patent relates to novel and improved cooktop cover designed to protect a stovetop from burns, food, boil over, and scratches or scuffs.

16.    The '930 Patent protects the below described design:

(Continued)                                    **1 Claim, 10 Drawing Sheets**



SEE FIG. 2

SEE
FIG. 5

FIG. 2

FIG. 3



FIG. 4

FIG. 5

## Background of the Plaintiff's Glass Cooktop Protector

17.    Plaintiff Burner markets itself as a brand that focuses on providing real, simple, and effective solutions for an everyday cooker.

18.    Plaintiff Burner designed the Glass Cooktop Protector to overlay on a cooktop and serve as a protective barrier between a stove and cooking equipment, all without interfering with the cooktop's operation.

19.    As marketed in its final form, Plaintiff Burner's Glass Cooktop Protector utilizes the design protected in the '930 Patent:



20.    Plaintiff Burner advertises in commerce its Glass Cooktop Protector in a variety of sizes for $250.00 each.

21.    Plaintiff Burner offers the following sizes: 28" x 20"; 25.5" x 20.81"; 26.25" x 19.375"; 27" x 20"; 28.5" x 19.75"; 28.75" x 19"; 29.25" x 20.81"; Downdraft – 11.875" x 20.5" (2); Downdraft – 11.875" x 20.5" (1) x 10.125" x 20.5" (1).

22.    Plaintiff Burner markets for its Glass Cooktop Protector on its website, burnerbuddy.com and markets its Glass Cooktop Protector with major retailers such as Amazon.

23.    Plaintiffs use a handful of descriptive, copyrighted images on the Burner Buddy website to market the Glass Cooktop Protector:



24.    Plaintiff Sall authorized Plaintiff Burner to use the copyrighted photographs to market the Glass Cooktop Protector.

25.    Every photograph used on Plaintiff Burner's website is copyrighted by Plaintiff Sall.

26.    Only Plaintiff Burner has Plaintiff Sall's permission to use the photographs.

27.    Plaintiff Burner also markets bumpers designed to surround the boarders of the Glass Cooktop Protector to prevent sliding.

28.    The bumpers, as pictured and marketed on Plaintiff Burner's website, are pictured below:



**Defendant's Infringing Products and Conduct**

29.    Upon information and belief, Stove Shield began as a decal business.

30.    According to Defendant's website, Defendant's business evolved from decals to "an easy solution and better way to protect your stove, cooktop or range from damage."

31.    Defendant markets and sells its products on its website, stoveshield.com.

32.    Specifically, Defendant advertises and sells the "Ceramic Stove Shield."

33.    In May of 2024, Defendant purchased a Glass Cooktop Protector from Plaintiff Burner.

34.    As of May 15, 2025, Defendant's product is advertised and can be purchased at the following link: https://stoveshield.com/shop/electric-stove-top-protector-ceramic-stove-shield/.

35. The Ceramic Stove Shield is an exact copy of Plaintiff Burner's Glass Cooktop Protector.

36. Defendant's Ceramic Stove Shield—an exact copy of Plaintiff Burner's Glass Cooktop Protector—Infringes on Plaintiff's '930 Patent.

37. Defendant sells its infringing Ceramic Stove Shield for $199.99, $50.00 cheaper than Plaintiff Burner sells the Glass Cooktop Protector.

38. Defendant not only infringes on Plaintiff Burner's '930 Patent, but Defendant also attempts to undercut Defendant by offering an identical product for identical use for a price $50.00 less than Plaintiff.

39. The table below depicts Plaintiff Burner's patented design and Plaintiff Burner's Glass Cooktop Protector:

| '930 Patent | Plaintiff's Glass Cooktop Protector |
| --- | --- |
|  | |

40.    The table below depicts Plaintiff Burner's patented design and Defendant's infringing Ceramic Stove Shield.



| '930 Patent | Defendant's Infringing Ceramic Stove Shield |
|---|---|

41.    Plaintiff Burner has not licensed or otherwise authorized in any manner whatsoever to Defendant the design that Plaintiff protected in the '930 Patent.

42.    In fact, Plaintiff Burner via counsel place Defendant on notice of its infringing conduct.

43.    To date, Defendant has not removed the infringing product.

44.    To compound Defendant's infringing conduct, Defendant stole Plaintiff Sall's photographs from the Glass Cooktop Protector and removed or covered Plaintiff Burner's logo from the photographed products.

45.    Defendant without Plaintiff Sall's permission or authorization uses Plaintiff's photographs to market Defendant's infringing Ceramic Stove Shield.

46.    Defendant has copied, created derivates of, displayed, and distributed exact copies of Plaintiff Sall's images.

47.    Plaintiff Sall has not licensed or otherwise authorized in any manner whatsoever to Defendant the use of Plaintiff's photographs.

48.    A comparison of Plaintiff Sall's photographs and Defendant's unauthorized use of the photographs are below (photographs were last accessed from each party's website on May 15, 2025):



| Plaintiff's Glass Cooktop Protector | Defendant's Infringing Ceramic Stove Shield |
|---|---|



49.    Defendant also altered and distributed Plaintiff Sall's photographs.

50.    Defendant intentionally removed Plaintiff Burner's logo from Plaintiff Sall's photographs and instead added Defendant's logo to the bottom right corner.

51.    Defendant's infringement of Plaintiff Salls's photographs is therefore willful.

52.     Plaintiffs have suffered and continue to suffer damages from Defendant's continued and willful infringement.

53.     Plaintiff Burner has at least one documented incident of a customer inquiring whether Plaintiff and Stove Shield were the same company.

54.     Plaintiff Burner has at least one documented incident of a customer returning Plaintiff Burner's Glass Cooktop Protector because Defendant's infringing Ceramic Stove Shield was an identical product offered for a "better price."

55.     Defendant's infringing conduct is still ongoing.

## COUNT I – INFRINGEMENT OF THE '930 PATENT
### Plaintiff Burner Against Defendant

56.     Plaintiff Burner incorporates by reference the allegations in the preceding paragraphs 1-55 if fully set forth herein.

57.     Defendant makes, uses, offers to sell, and sells Ceramic Stove Shield, a product that is an exact copy of Plaintiff Burner's protected design, Patent '930.

58.    To the ordinary observer, it is clear Defendant's Ceramic Stove Shield is not only substantially similar, but identical to Plaintiff Burner's patented design.



59.    Defendant's Ceramic Stove Shield fully embodies Plaintiff Burner's patented design as pictured in the '930 Patent.

60. As demonstrated below, the ordinary observer could not differentiate Plaintiff Burner's Glass Cooktop Protector from Defendant's Ceramic Stove Shield.



61. Defendant copies every aspect of Plaintiff Burner's patented designed, down to the unique shape of the corners.

62. Defendant deceives Plaintiff Burner's current and potential customer base by offering a product that infringes on Plaintiff's patented design and selling the product for $50.00 less than Plaintiff.

63. Customers have already begun to ask Plaintiff Burner whether Plaintiff is associated with Stove shield.

64. Upon information and belief, Defendant infringed the '930 Patent by contributing to the direct infringement of customers and/or ultimate end users of the Accused Products under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing

into the United States a component of the Accused Products that constitutes a material part of the inventions.

65.     Defendant's infringement has damaged Plaintiff Burner in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Plaintiff would have made but for Defendant's acts of infringement.

66.     Plaintiff Burner has suffered damages in the form of lost profits, lost sales, and/or lost opportunities. Plaintiff Burner is entitled to recover damages to compensate it for each of Defendant's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

## COUNT II: COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 et seq.
### Plaintiff Sall Against Defendant

67.     Plaintiff Sall re-alleges and incorporates the allegations paragraphs 1-55 in this complaint as if fully set forth herein.

68.     The dispute between Plaintiff Sall and Defendant as to infringement of copyrights in any photographs is an actual and justiciable controversy.

69.     Plaintiff Sall's photographs are original, creative works that constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 et seq. At all relevant times, Plaintiff has owned all applicable right, title, and interest in and to these works.

70.     Plaintiff Sall has duly registered its copyright in 47 photos of Plaintiff Burner's products.

71.    Defendant has infringed and is continuing to infringe on Plaintiff Sall's copyright by, among other things, distributing, copying, creating derivatives of, and marketing Defendant's Stove Shield which contains unauthorized copying and marketing of Plaintiff's photographs.  Defendant has violated and is violating Plaintiff Sall's exclusive rights under 17 U.S.C. § 106. Such infringement has been deliberate and willful.

72.    Defendant infringes Plaintiff Sall's Copyright in connection with the commercial promotion of its products and services to customers, potential customers, and/or sources of referral for potential customers and, upon information and belief, via targeted ads directed to millions of potential or actual consumers.

73.    As a direct and proximate result of Defendants' infringement of Plaintiff's Copyright, Plaintiff Sall is entitled to an award of damages in an amount to be determined at trial, including but not limited to damages based on lost profits and royalties for Defendant's illicit use of Plaintiff's photographs, and disgorgement of Defendant's profits in connection with its infringement of Plaintiff's exclusive rights in Plaintiff's photographs.

74.    Plaintiff Sall is entitled to a declaration that Defendant infringed his exclusive rights in the photographs, including Plaintiff's Copyright under the Copyright Act, 17 U.S.C. § 101 et seq., and under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., further declaring that such infringement was willful at least as of the date of Plaintiffs' notice of claims letter.

75.    Plaintiff Sall is also entitled to seek recovery of costs in bringing this lawsuit, including but not limited to reasonable attorneys' fees.

76.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff Sall, unless enjoined by this Court. Plaintiff Sall has no adequate remedy at law, and so he is entitled to an injunction prohibiting Defendants' further infringement of Plaintiff's Copyright.

## COUNT III: COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 1203(a)
### Plaintiff Sall Against Defendant

77.    Plaintiff Sall re-alleges and incorporates the allegations paragraphs 1-55 in this complaint as if fully set forth herein.

78.    The dispute between Plaintiff Sall and Defendant as to infringement of copyrights in any photographs is an actual and justiciable controversy.

79.    Plaintiff Sall's photographs are original, creative works that constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 et seq. At all relevant times, Plaintiff has owned all applicable right, title, and interest in and to these works.

80.    Plaintiff Sall has duly registered its copyright in 47 photos of Plaintiff Burner's products.

81.    Plaintiff's photographs are considered copyright management material under 17 U.S.C. § 1202(c) as information conveyed in connection with copies or displays of Plaintiff Sall's work in digital form.

82.    In violation of 17 U.S.C. § 1202(b), Defendant knowingly and without authority:

    a.    intentionally removed the Burner Buddy logo on Plaintiff Sall's photographs and therefore altered the photographs;

    b.    distributed the Plaintiff Sall's altered photographs with the Burner Buddy logo removed with no authority from Plaintiff Sall or the law.

    c.    added Defendant's logo to the stolen photographs.

83.    Defendant infringes Plaintiff Sall's Copyright in connection with the commercial promotion of its products and services to customers, potential customers, and/or sources of referral for potential customers and, upon information and belief, via targeted ads directed to millions of potential or actual consumers.

84.    As a direct and proximate result of Defendants' infringement of Plaintiff's Copyright, Plaintiff Sall is entitled to all damages afforded under 17 U.S.C. 1203(c), including actual damages, Defendant's profits, injunctive relief, and statutory damages.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief from this Court:

(a)    Judgment that Defendant, by virtue of its own conduct and/or that of its predecessor(s), infringed, actively induced infringement of, and contributorily infringed one or more claims of the '930 Patent;

(b)    An award to Plaintiff Burner of damages adequate to compensate it for all Defendant's infringement of the '930 Patent occurring through the date of judgment, together with pre-judgment and post-judgment interest and costs, and for

any supplemental damages as appropriate under 35 U.S.C. § 284;

(c)    Awarding Plaintiff Sall all damages for copyright infringement that it has sustained or will sustain by reason of Defendant's conduct and all profits that Defendant has derived from such conduct, or in lieu thereof, such statutory damages as provided by law;

(d)    Awarding Plaintiff Sall profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from sales of the infringing products and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Plaintiff's work, or in the Court's discretion, such amount as the Court finds to be just and proper;

(e)    Granting injunctive relief restraining Defendant from directly or indirectly violating Plaintiff Sall's rights under the Copyright Act including by further copying, distributing, selling, or selling Defendant's Stove Shield or otherwise infringing Plaintiffs' exclusive rights in the photographs;

(f)    An award of reasonable attorneys' fees, disbursements, costs, and interest, expended in connection with any actions taken to investigate and confirm the claims made herein; and

(g)    An award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable.

Dated: June 6, 2025
       Tampa, Florida

**BOCHNER PLLC**

By: */s/ Thomas H. Stanton*
Thomas H. Stanton
Fla. Bar No. 127444
Geneva K. Hernandez
Fla. Bar No. 1015087
100 Ashley Drive South, STE 600
Tampa, Florida 33602
(646) 971-0685
tstaton@bochner.law
ghernandez@bochner.law

*Attorneys for Plaintiffs*